Argued and submitted November 10, 1983, reversed and remanded for reconsideration
January 11, 1984

KEEBLE,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-923; CA A28417)

674 P2d 68

Robert L. Huggins, Jr., Portland, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance by respondent Beaverton Chrysler-Plymouth.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner appeals a decision of the Employment Appeals Board that he was disqualified from the receipt of unemployment insurance benefits. We reverse and remand.

The Board concluded that claimant "voluntarily left work without good cause." ORS 657.176(2)(c). It adopted the findings of fact of the referee:

"(1) Claimant was generally dissatisfied with the working conditions of his position.

"(2) He had a personality conflict with the office manager which erupted into a confrontation over a short paycheck in early December, 1982.

"(3) Because he was unhappy with this situation, he accepted an offer as a car sales person for Art Richards Motors.

"(4) He quit work for the above employer on December 7, 1982 and began work that same day for the new employer.

"(5) The new work was on a piece commission basis, while the prior position provided a minimum wage guarantee.

"(6) He earned $58.00 from Art Richards before he quit on December 27, 1982.

"(7) His weekly benefit amount is $161.00."

OAR 471-30-038(5)(a) provides:

"Leaving work with good cause includes, but is not limited to, leaving work after accepting a definite offer of other work which can reasonably be expected to continue and pays an amount equal to or in excess of the weekly benefit amount. Good cause shall also include, but is not limited to, leaving work that pays less than the weekly benefit amount to accept work offering pay greater than work left, but less than the weekly benefit amount."

The Board stated in its conclusions and reasons:

"OAR 471-30-038(5) requires that to avoid disqualification for leaving work, an individual leave work *after* accepting a definite offer of other work. In this case, the claimant did not leave work *after* accepting a definite offer of other work, he decided to leave work prior to receiving the offer of other work, but did not so inform the employer until he obtained the other employment. His general dissatisfactions with the working conditions and the confrontation over the paycheck

are not found to be such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. It was not shown to be a situation of such gravity that the claimant had no reasonable alternative."

OAR 471-30-038(5) states that "good cause" includes, in part, "leaving work after accepting a definite offer of other work." The findings of fact show that that is precisely what claimant did here. He left work *after* receiving a definite offer of employment as a car salesman for Art Richards Motors. Contrary to the Board's reasoning, it is not important that claimant had decided to leave his old job before he received the other offer or that he did not inform his employer that he had decided to leave until after he obtained that offer. The Board erroneously interpreted and misapplied the Division's rule, and its order is reversed. ORS 183.482(8)(a).

The referee and the Board, however, made no findings of fact about whether the work that Art Richards Motors offered to claimant "could reasonably be expected to continue" and "pays an amount equal to or in excess of the weekly benefit amount." The referee and the Board also made no findings whether the work that claimant left paid less than his weekly benefit amount and whether the work at Art Richards Motors offered pay greater than the work that he left but less than the weekly benefit amount.[1] Accordingly, we remand to the Board for reconsideration in light of this opinion.

Reversed and remanded for reconsideration.

---

[1] Whether such findings are necessary will depend upon the other findings that are made.